**IN THE COURT OF APPEALS OF IOWA**

No. 17-1898
Filed October 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANISS TAMAR JENKINS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

The defendant appeals his conviction and sentence of eluding based on insufficient evidence. **AFFIRMED**.

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, LLP, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Daniss Jenkins appeals his conviction and sentence for the crime of eluding. He asserts the State provided insufficient evidence to establish he was driving at least twenty-five miles per hour over the speed limit. Because the record supports the finding of such excessive speed, we affirm.

## I. Background Facts and Proceedings

On March 18, 2016, just before midnight, Officer Justin Brandt of the Waterloo Police Department pulled behind a Chevy Tahoe, which was parked in front of a liquor store. Officer Brandt turned on his emergency lights. The driver of the car looked back at the officer, began to reverse his vehicle, and then drove away. Officer Tyler Brownell, who was also in the area, initially took the lead in pursuit of the Tahoe.

Officer Brownell followed the vehicle down an alley and then turned right onto Center Street. The vehicle then turned left on Columbia Street headed north and then turned left onto Conger Street headed west. At this point, Officer Brownell estimated that the fleeing vehicle was traveling in excess of fifty miles per hour in a thirty-five-mile-per-hour zone. The vehicle turned right on Broadway Street headed north. Officer Brandt estimated that he was traveling at fifty miles per hour on Broadway Street, which was a thirty-five-mile-per-hour zone. The vehicle turned left onto Riehl Street and made a loop in a gas station parking lot to come out on Broadway Street headed north again.

Officer Brandt continued to follow the vehicle, which traveled north on Broadway Street and then turned left onto Dawson Street. Officer Brandt estimated that the vehicle was traveling between fifty and fifty-five miles per hour

on Dawson Street, which is a twenty-five-mile-per-hour zone. Officer Brandt also stated his peak speed on Dawson Street was between fifty-five and sixty miles per hour because he was trying to close the gap between his patrol vehicle and the fleeing vehicle. The vehicle turned left onto Fairview Avenue and took the next left onto Riehl Street. After hitting a parked vehicle, the Tahoe came to a stop in a residential yard on Riehl Street.

The driver got out of the vehicle, put his hands in the air, and lowered himself to the ground. Officer Brownell found a substance that appeared to be crack cocaine on the driver's seat and floorboard. On April 29, 2016, Jenkins was charged with eluding, a second offense of possession of cocaine, and operating while intoxicated. A trial was held from October 11 to 13, 2017. The jury returned a verdict finding Jenkins guilty of eluding as an aggravated misdemeanor and not guilty of possession of cocaine.[1] He received a sentence of ninety days in jail and a fine. He appeals.

## II. Standard of Review

"We review sufficiency-of-the-evidence claims for correction of errors at law. We uphold a verdict if substantial evidence supports it." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005) (internal citations omitted). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002). "We review the evidence in the light most favorable to the State, including legitimate inferences

---

[1] The third charge, operating while intoxicated, was dismissed.

and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.*

## III. Sufficiency of Evidence

Jenkins argues the State failed to provide sufficient evidence to support a guilty finding of eluding.[2] Officer Brandt testified Jenkins was traveling between fifty and fifty-five miles per hour on Dawson Street, which is a twenty-five-mile-per-hour zone. Officer Brandt also stated he was trying to get closer to Jenkins, so his peak speed on Dawson Street was "around fifty-five if not faster, closer to sixty maybe." In *State v. Bedwell*, the officer testified the defendant was speeding "in excess of sixty miles per hour and [the officer] was just keeping pace with [the defendant]" in a thirty-five-mile-per-hour zone. 417 N.W.2d 66, 69–70 (Iowa 1987). The court found the testimony was sufficient evidence to find the State established the excessive speed element of eluding. *Id.* Viewing the evidence in a light most favorable to the State, the record contains sufficient evidence for the jury to have found Jenkins was traveling at least twenty-five miles over the speed limit. *See Biddle*, 652 N.W.2d at 197.

---

[2] Jenkins was found guilty of eluding, which is defined as:

> The driver of a motor vehicle commits an aggravated misdemeanor if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal . . . and in doing so exceeds the speed limit by twenty-five miles per hour or more.

Iowa Code § 321.279(2) (2016).

**IV. Conclusion**

We find the State provided sufficient evidence to establish the excessive speed element for eluding.

**AFFIRMED**.